GERSTEN, Judge.
I respectfully dissent.
This dissent is based on procedure, not substance. I agree with the majority’s ruling that the trial court properly retained jurisdiction over the sentenced defendant. I do not agree, however, with the majority’s affirmance of the trial court’s order which fails to rule on the defendant’s 3.850 motion.
The majority recognizes that in 1988, when the 3.850 motion was first filed with the trial court, “the 1988 order did not mention, or contain any ruling on, the 3.850 motion.” In 1990, the defendant filed a second motion requesting a ruling on his 3.850 motion (filed previously in 1988). The order on the 1990 motion also does not grant or deny the 3.850 motion. The majority’s contention that, “A successor judge held a hearing and denied 3.850 relief for want of jurisdiction”, is incorrect.
In fact, the trial court refused to rule on the 1990 motion, finding that it lacked jurisdiction and that the motion had already been ruled on in 1988. The trial court stated:
therefore, this Court is without jurisdiction to consider the defendant’s present motion, having ruled and acted on the same motion on April 25, 1988.
Under Florida Rule of Appellate Procedure 9.020(g), an order is not “rendered” until it has actually been reduced to writing, signed, and filed with the clerk of the lower tribunal. In this case, although there is a written order, the trial court never granted or denied the defendant’s 3.850 motion. Hence, the order leaves us with a judicial non-ruling.
Accordingly, I would remand the cause for the trial court to render a definitive ruling on the 3.850 motion. See D.B. v. State, 467 So.2d 830 (Fla. 2d DCA 1985); Fla.R.App.P. 9.020(g).